RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 01-08-08

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| HINKLE OIL AND GAS, INC. | CIVIL ACTION NO. 06-1796 |
| VERSUS | JUDGE MELANÇON |
| SEVARG COMPANY, INC., ET AL | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court are Terry Bills, Jr.'s ("Bills" or "defendant") Motions to Dismiss [Rec. Docs. 22 & 29], that were converted to Motions for Summary Judgment [Rec. Doc. 35], plaintiffs' Memoranda in Opposition thereto [Rec. Docs. 30 & 32], and Bills' Supplement to his Motions for Summary Judgment [Rec. Doc. 37]. For the reasons that follow, defendant's Motions [Rec. Docs. 22 & 29] will be **GRANTED**.

## I. BACKGROUND

Plaintiffs, Hinkle Oil and Gas, Inc. ("Hinkle") and Concha Energy, LLC ("Concha") (collectively "plaintiffs"), seek damages from Sevarg Company, Inc. ("Sevarg") and Bills, individually, for breach of a joint operating agreement and an alleged post-bankruptcy agreement between the parties. Alleging that the plaintiffs' First Amended Complaint [Rec. Doc. 19] failed to state a cause of action against him in his individual capacity, Bills filed the first Motion to Dismiss [Rec. Doc. 22]. In response, plaintiffs filed their Second Amended & Supplemental Complaint [Rec. Doc. 27] and Opposition to defendant's Motion to Dismiss [Rec. Doc. 30]. Subsequent to plaintiffs' response, Bills filed a separate Motion to Dismiss [Rec.

Doc. 29] alleging that plaintiffs' Second Supplemental and Amended Complaint failed, yet again, to state a cause of action against Bills. Plaintiffs also opposed this motion [Rec. Doc. 32].

On July 19, 2007, Bills' motions [Rec. Docs. 22 & 29] were converted to Motions for Summary Judgment by order of United States Magistrate Judge Mildred Methvin [Rec. Doc. 35]. Defendant supplemented his Motions to Dismiss with his own affidavit [Rec. Doc. 37-2], an Affidavit of Kenneth Addison [Rec. Doc. 37-3], a Statement of Uncontested Facts [Rec. Doc. 37-4], and Memorandum in Support of Motion for Summary Judgment [Rec. Doc. 37-5] to conform with the requirements of the Federal Rules of Civil Procedure and Local Rules of this Court. As of this date, plaintiffs have not filed any response to these supplemental submissions.

As plaintiffs have failed to file ". . . a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried," the Court adopts, by reference, defendant's Statement of Uncontested Facts [Rec. Doc. 37-3] for the purposes of this motion.[1] Defendant's Statement of Uncontested Facts and accompanying affidavits show, in pertinent part, that Sevarg, acting through its former 51% owner Thomas Bernard, and Concha entered into an operating agreement for certain oil wells on August 6, 2001 (the "Operating Agreement"). At

---

[1] Local Rule of Civil Procedure 56.2 requires the non-moving party to file ". . . a separate, short and concise statements of the material facts as to which there exists a genuine issue to be tried." Any statement made in the movant's Statement of Uncontested facts, as required by Local Rule 56.1, that are not controverted by the non-movant's statement ". . . will be deemed admitted, for the purposes of the motion." Local Rule 56.2.

that time, Bills was neither an owner, officer, director or employee of Sevarg.

Sevarg entered bankruptcy on August 16, 2002, and on January 28, 2003, a chapter 11 trustee was appointed. On April 5, 2004, the bankruptcy court expressly rejected and terminated the Operating Agreement. Sevarg's plan of reorganization creating an Oversight Committee to operate and pay the obligations of Sevarg was confirmed on July 26, 2004. The Oversight Committee took over operations on August 26, 2004 and was comprised of Bills, Kenneth Addison, and Doug Yentzen.

On November 1, 2004, Concha assigned a portion of its interests to Hinkle. With the exception of three wells, Sevarg has, at all times, remained as operator of the wells subject to the Operating Agreement. The three wells not in Sevarg's control were transferred to Bean Resources, Inc. in exchange for relieving Sevarg of significant plugging and abandoning liability. This transfer was the decision of the Oversight Committee and had no impact on plaintiffs' interests in the wells. Sevarg, as operator, continues to determine whether to work over a well or shut it in, assess plaintiffs their proportionate share of work-over costs, and issue Joint Interest Billings to Concha and Hinkle on a monthly basis.

Based on these facts, Bills alleges that plaintiffs cannot maintain a cause of action against him individually. Plaintiffs counter that Bills individually breached the Operating Agreement and an alleged post-bankruptcy agreement, and, as such,

3

should be held personally liable.[2]

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[3] *Id.* at 322-23. Once

---

[2] In their Memorandum in Opposition to Bills' Motion to Dismiss [Rec. Doc. 32], it appears, for the first time, that plaintiffs may be alleging fraud on behalf of Bills. However, these allegations are completely absent from any of the three complaints filed in this case. Federal Rule of Civil Procedure 9(b) requires the circumstances constituting fraud to be plead with particularity, thus fraud is not an issue in this case.

[3] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III.   LAW AND ANALYSIS

Plaintiffs allege that Bills breached the Operating Agreement and an alleged

post-bankruptcy agreement between the parties. For defendant to be liable for breach of contract, a valid contract must first exist between the parties. *Ingraffia v. NME Hosps., Inc.,* 943 F.2d 561 (5th Cir. 1991). The four elements of a valid contract in Louisiana are capacity, consent, object, and lawful purpose. *Id.* at 566; *Leger v. Tyson Foods, Inc.*, 1995-1055 (La. App. 3 Cir. 1/31/96), 670 So.2d 397, *writ denied* 1996-0545 (La. 4/19/96), 671 So.2d 920. The sole factor at issue in this case is consent.

Despite plaintiffs' contention that Bills is personally liable for breach of the Operating Agreement, there is absolutely no evidence in the record that Bills ever consented to be bound by its terms. It is uncontested that the Operating Agreement was executed solely by Concha and Sevarg. Bills was not a party to the Operating Agreement, and, when it was executed, was not associated with Sevarg in any way. Further, prior to Bills' appointment to the Oversight Committee, the Operating Agreement was rejected and terminated by the bankruptcy court. As Bills did not consent to its terms, he cannot be personally liable for any alleged breach of the Operating Agreement.

Plaintiffs also contend that a post-bankruptcy contract existed between the parties. In their Second Supplemental and Amended Complaint [Rec. Doc. 27], plaintiffs allege that a letter and some other "subsequent conduct between the parties," evidences the Bills' consent to the alleged contract. However, plaintiffs do not support this very general allegation with any substantive evidence. A party

responding to a motion for summary judgment may not rest on mere allegations as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson*, 477 U.S. 242, 248-49 (1986); *Adickes*, 398 U.S. 144, 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). Based on the record before the Court, plaintiffs fail to offer a soupçon of admissible evidence to controvert the defendant's showing that no contract or agreement existed between Bills and the plaintiffs. As such, all claims against Bills will be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated, defendant Bills' Motions for Summary Judgment [Rec. Docs. 22 & 29] will be **GRANTED** and all claims against Terry Bills, Jr. in his individual capacity will be **DISMISSED WITH PREJUDICE.**