**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

HINKLE OIL AND GAS, INC., ET. AL          CIVIL ACTION NO. 06-1796

VERSUS                                    JUDGE MELANÇON

SEVARG COMPANY, INC.                      MAGISTRATE JUDGE METHVIN

**MEMORANDUM RULING**

Before the Court are defendant's Motion for Reconsideration [Rec. Doc. 78] of the Court's July 10, 2009 Memorandum Ruling [Rec. Doc. 75] and Judgment [Rec. Doc. 76], plaintiffs' Memorandum in Opposition thereto [Rec. Doc. 85], and defendant's Reply to plaintiffs' Opposition [Rec. Doc. 93]. For the reasons that follow, the Court will **GRANT** defendant's Motion.

## I.  BACKGROUND

On July 10, 2009, this Court issued a Memorandum Ruling [Rec. Doc. 75] and Judgment [Rec. Doc. 76] granting defendant's Motion for Partial Summary Judgment on Plaintiffs' Claims [Rec. Doc. 64] and denying defendant's Motion for Summary Judgment on Counterclaims [Rec. Doc. 66]. Defendant timely moved for reconsideration of the Court's Judgment [Rec. Doc. 76] on its Motion for Summary Judgment on Counterclaims [Rec. Doc. 66] arguing that the Court improperly denied the motion. Plaintiff has filed an Opposition [Rec. Doc. 85] to defendant's Motion for Reconsideration [Rec. Doc. 78]. As the underlying facts of this case have been detailed in the Court's original Memorandum Ruling [Rec. Doc. 75], the Court will not rehash those facts in this opinion.

## II. LAW AND ANALYSIS

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir.1985). However, the United States Court of Appeals for the Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending upon the time at which the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990). A motion for reconsideration is analyzed under Rule 59(e) if it is served within ten (10) days of the court's ruling, otherwise, it is analyzed under Rule 60(b) if it is served after that time. *Id.* Here, defendant filed its motion for reconsideration within ten (10) days of the Court's Judgment,[1] and thus defendant's motion is properly considered under Rule 59(e).

Due to the interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir.2004). Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. *See id.* at 479; *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). The grant of such a

---

[1] The Court's Judgment [Rec. Doc. 78] was issued on July 10, 2009 and defendant's Motion for Reconsideration [Rec. Doc. 78] was filed and served on July 16, 2009.

motion is an "extraordinary remedy."  *Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (*citing Templet v. Hydrochem, Inc.*, 367 F.3d at 479).

Here, defendant argues that the Court's Memorandum Ruling [Rec. Doc. 75] and Judgment [Rec. Doc. 76] were based, in part on erroneous views of the facts and law which prejudiced the defendant.  Specifically, defendant argues that the Court erred in holding that a material issue of fact remained as to whether the bankruptcy trustee was the operator at the time of the workover costs and that there was a lack of evidence to establish that plaintiffs had notice and opportunity to contest Terry Bills ("Bills") claims against Sevarg Company, Inc. ("Sevarg") in Sevarg's bankruptcy proceeding.  The Court will consider these arguments in light of the evidence properly before it.[2]

1.    *Penalty Claim*

In denying the defendant's motion on the penalty claims contained in the Joint Operating Agreement, the Court cited a provision therein stating that upon Sevarg's bankruptcy, Sevarg ceased to be operator of the subject wells thus rendering the penalty provision inapplicable.  Defendant claims, however, that the Court's ruling

---

[2]    With its motion, defendant submitted several pieces of evidence which were not included with its original motion.  However, defendant does not allege that this evidence is "new" or could not have been included with its original motion and, thus, will not be considered.  *See Templet*, 367 F.3d at 479.

is based on a mistake of law, as the Bankruptcy Code invalidates such bankruptcy termination clauses, and a mistake of fact, as the Bankruptcy Court previously rejected this precise argument during the bankruptcy proceedings.    Upon review of the law cited by defendant, and uncontested by the plaintiffs' Opposition [Rec. Doc. 85], it is clear that the clause relied on by the Court in finding a material issue of fact is unenforceable.  *See In re Southern Pacific Funding Corp.*, 268 F.3d 712 (9th Cir. 2001); *In re Yates Development Inc.*, 256 F.3d 1285 (11th Cir. 2001), *In re Braniff, Inc.*, 118 B.R. 819, 842-43 (Bankr. M.D. Fla. 1989) (*citing* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 348 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess. 591 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787)).  Additionally, as this matter was already addressed by the Bankruptcy Court, defendant would suffer prejudice if forced to relitigate the matter in this Court.  Accordingly, as Sevarg status as operator was the sole issue of material fact on this issue and as the Court's Memorandum Ruling [Rec. Doc. 75] and Judgment [Rec. Doc. 76] were based on an erroneous view of the facts and law, the Court will revise its Judgment [Rec. Doc. 76] and grant defendant's Motion  for Summary Judgment on Counterclaims [Rec. Doc. 66] on this issue.

*2.*     *Contribution Claim*

Next, defendant argues that the Court erred in denying its motion as it pertained to the contribution claim.  In denying defendant's motion on this issue, the Court explained that, "[f]rom the record before this Court, it [was] unclear whether

4

or not plaintiffs had an opportunity to object to the award of damages to Bills in the bankruptcy proceeding." *Memorandum Ruling* [Rec. Doc. 75], pg. 11. In response, defendant states that the affidavit of Bills submitted with its original motion included a copy of the Bankruptcy Court's order concerning the claims' allowance evincing that "Chauvin" received a copy of said order. Defendant states that "Chauvin" refers to Hamilton Chauvin, plaintiff's attorney in the Sevarg bankruptcy proceeding. Defendant also attaches an additional affidavit from Bills attaching a letter and response from Dr. John Ainsworth, Bills' contact with the plaintiffs, which expressly mentions the bankruptcy hearing at the heart of this issue.

As stated in footnote 2, *supra*, the supplemental affidavit of Bills and the attachments thereto are not newly discovered evidence and, thus, will not be considered. However, the notation that plaintiff's attorney of record received a copy of the Bankruptcy Court's ruling and, thus, had notice thereof, was properly before the Court at the time of the original Judgment [Rec. Doc. 76]. As plaintiff, then, had notice and an opportunity to object, the Court's original Judgment [Rec. Doc. 76] was based on a mistake of fact. Accordingly, defendant's Motion for Reconsideration [Rec. Doc. 78] and original Motion for Partial Summary Judgment [Rec. Doc. 66] on this issue will be granted.

### III.  CONCLUSION

As the Court's Memorandum Ruling [Rec. Doc. 75] and Judgment [Rec. Doc. 76] were based on an erroneous view of the facts and law, and as the defendant

would suffer prejudice as a result thereof, the Court will **GRANT** defendant's Motion for Reconsideration [Rec. Doc. 78] and Motion for Summary Judgment on Counterclaims [Rec. Doc. 66].